IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**PATRICIA K. HILL,**

      **Plaintiff,**

**v.**                                                           **CIV No. 01-784 LH/LFG – ACE**

**ARMY, Joseph W. Westphal,**
**Acting Secretary of the Army,**

      **Defendant.**

**MEMORANDUM OPINION AND ORDER**

      **THIS MATTER** comes before the Court on Plaintiff's Opposed Motion to File First Amended Complaint (Docket No. 25).   In this motion, Plaintiff seeks to add claims for acts of reprisal that allegedly occurred since the time of the filing of her original complaint. The Court, having considered the motion and briefs of the parties, concludes that Plaintiff's motion is not well-taken and shall be **denied**.

**Procedural Background**

      The parties' briefs do not lay out the facts in a clear or comprehensive manner, which necessitates the following lengthy recitation of what is contained in the record, as a means of piecing together what has happened up to this point in the litigation.

      On July 6, 2001, Plaintiff filed her complaint, which contained claims of gender discrimination

and reprisal. Paragraph 6 of the complaint states that Plaintiff had received a final agency decision and had timely filed the complaint within 90 days of this decision. According to a jointly filed motion, Plaintiff filed a formal internal complaint in October 2001 (Docket No. 17)[1]. It is the Court's understanding that post-complaint acts of reprisal were the topic of this complaint. At a December 12, 2001 scheduling conference, United States Magistrate Judge Garcia was apprised that Plaintiff had failed to administratively exhaust her reprisal complaint (Docket No. 21). Judge Garcia stayed the matter, to allow Plaintiff the opportunity to exhaust her administrative remedies on the issue of reprisal and, thereafter, to join her reprisal claim in this complaint. *Id*. The Initial Pretrial Report (IPTR) was filed on December 14, 2001 (Docket No. 14). In the IPTR, Plaintiff stated that while investigation of her complaint was pending, she experienced reprisals in the form of further harassment and exclusion from consideration for a promotion. *Id*. She stated that she had filed an administrative claim based on allegations of reprisal, and that she would amend her complaint shortly to include a count for reprisal. (*Id*. at 4). The Court presumes that this "administrative claim" was the one filed in October 2001. On January 23, 2002, in response to the joint motion mentioned above, Judge Garcia entered an order holding the case in abeyance for six months, "pending determination of Plaintiff's reprisal charge and to allow for amendment of reprisal allegations to the complaint." (Docket No. 18). On August 7, 2002, a status conference was held before Judge Garcia. An order entered on August 8, 2002 stated:

> On August 7, 2002, the Court was apprised that Plaintiff was afforded an opportunity to

---

[1] This motion stated that although reprisal is pled in the complaint, "Plaintiff is still in the process of exhausting her administrative remedies on the reprisal issues, having filed her formal internal complaint in October, 2000; she expects a finding on that complaint within approximately six (6) months . . . . Because the facts underlying the reprisal allegations follow directly and are intertwined with the discrimination allegations at issue in this case, both parties feel discovery and further litigation should be held in abeyance until the reprisal claim is ripe for amendment to this case."

> pursue her administrative grievance on the issue of reprisal, but failed to do so. As a result, Plaintiff failed to exhaust her administrative remedies and the parties agree that reprisal is no part of the Plaintiff's present cause of action.

(Docket No. 21). The Court further indicated that it was lifting the stay imposed on January 23, 2002, with the parties' foregoing agreement.

Based on the cumulative content of these pleadings, the Court concludes that Plaintiff filed a second charge in October 2001, which included claims of retaliation that had allegedly occurred following her filing of the complaint. The Court concludes that Plaintiff did not administratively exhaust this second charge. Plaintiff now seeks leave to amend her complaint in the instant lawsuit to include post-complaint retaliation claims in this lawsuit.

**Analysis**

Federal Rule of Civil Procedure 15(a) provides that "a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires." The Supreme Court has stated that the granting of leave to amend is within the discretion of the district court. *Zenith Radio Corp. v. Hazeltine Research, Inc.*, 401 U.S. 321, 330 (1971). Leave sought must be "freely given" in the absence of any justifiable reason for denial of the motion. *Foman v. Davis*, 371 U.S. 178, 182 (1962). The *Foman* Court set forth the test for granting leave to amend pleadings:

> In the absence of any apparent or declared reason --- such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies made by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, etc --- the leave sought should, as the rules require, be "freely given."

*Id. See also Las Vegas Ice and Cold Storage Co. v. Far West Bank*, 893 F.2d 1182, 1185 (10th Cir.

3

1990).

Defendant opposes this amendment on three grounds: (1) futility; (2) because Plaintiff abandoned her proposed amendment at the August 7, 2002 status conference; and, (3) because her request is untimely and will cause undue delay.

It is well-settled that a court may deny a motion to amend as futile if the proposed amendment would not withstand a motion to dismiss or if it fails to state a claim. *Ketchum v. Cruz*, 961 F.2d 916, 920 (10th Cir. 1992).

Defendant's futility argument is that Plaintiff's proposed reprisal claims would be subject to dismissal based on Plaintiff's failure to exhaust them administratively, a jurisdictional prerequisite to instituting a Title VII action in federal court. While Defendant acknowledges a limited exception to this prerequisite for new acts occurring during the pendency of the administrative process, he argues that this exception is inapplicable here. His argument is that Plaintiff chose to treat her retaliation claim as separate and distinct from her initial claims. Citing *Mosley v. Pena*, 100 F.3d 1515 (10th Cir. 1996), he argues that Plaintiff was accordingly obligated to complete the administrative process before attempting to assert her retaliation claim in this Court.

It is Plaintiff's position that reprisal has always been part of her lawsuit. I note that Paragraphs 12 and 13 of her original complaint allege that in February of 2000, she sought EEO counseling following alleged sex discrimination by her supervisors, and that while her complaint was pending, she experienced reprisals in the form of further harassment and exclusion from consideration for a promotion. Plaintiff argues that these same contentions were contained in the IPTR. She claims that what was indicated at the status conference was that new events of reprisal were not *yet* part of her cause of action, thus necessitating the motion to amend the complaint to add the reprisal claim.

4

Plaintiff seeks to add claims that allege further reprisal from July 2001 through December 2001 (*See* Proposed First Amended Complaint and Jury Demand, ¶¶ 21-24).

In deciding whether Plaintiff's proposed amendment would be futile, it is incumbent on this Court to decide if these post-July 2001 reprisal claims would be subject to dismissal due to Plaintiff's failure to complete the administrative process before attempting to assert these retaliation claims in this Court.

Exhaustion of administrative remedies is a prerequisite to bringing suit under Title VII. *Aramburu v. Boeing Co.*, 112 F.3d 1398, 1409 (10th Cir. 1997). To exhaust administrative remedies, plaintiff must timely present her claims to the EEOC and receive a right-to-sue letter. The purpose of the exhaustion requirement is two-fold: to give notice of the alleged violation to the charged party and to give the EEOC an opportunity to conciliate the claim. *Ingels v. Thiokol Corp.*, 42 F.3d 616, 625 (10th Cir. 1994). Thus, "a plaintiff normally may not bring a Title VII action based upon claims that were not part of a timely-filed EEOC charge for which the plaintiff has received a right-to-sue letter." *Simms v. Okla. ex rel. Dep't of Mental Health & Substance Abuse Servs.*, 165 F.3d 1321, 1326 (10th Cir. 1999)(*citations omitted*). When a defendant employer specifically denies that a plaintiff has exhausted her administrative remedies, the burden of proof rests with plaintiff to show that she has satisfied the requirement. *See McBride v. Citgo Petroleum Corp.*, 281 F.3d 1099, 1105 (10th Cir. 2002)(no jurisdiction to hear ADA claim where plaintiff did not exhaust administrative remedies with EEOC). As noted above, the record is clear that Plaintiff has not in fact exhausted her administrative remedies insofar as retaliation occurring after the complaint was filed is concerned.

There is an exception to this exhaustion requirement however: when a plaintiff seeks judicial relief for incidents not listed in her original EEOC charge, "the judicial complaint nevertheless may

5

encompass any discrimination like or reasonably related to the allegations of the [Equal Employment Opportunity Commission] charge, including new acts occurring during the pendency of the charge before the [Equal Employment Opportunity Commission]." *Brown v. Hartshorne Pub. Sch. Dist. No. 1*, 864 F.2d 680, 682 (10th Cir. 1988), *quoted in Ingels v. Thiokol Corp.*, 42 F.3d 616, 625 (10th Cir. 1994). In 1996, the Tenth Circuit held that this rationale does not apply however, when the plaintiff has chosen to undertake the burden of filing separate claims with the EEOC. *See Mosley v. Pena*, 100 F.3d at 1515. In the *Mosley* case the Tenth Circuit held that a plaintiff who chooses to file a new charge based on acts occurring during the pendency of the lawsuit may not take advantage of the *Ingels* rule. *Id.* at 1518-19.

> [T]he *Ingels* rationale does not apply when, as here, the plaintiff has chosen to undertake the burden of filing separate claims with the EEOC. In *Ingels*, the plaintiff treated his retaliation claim as ancillary; in this case, Mosley treated her retaliation claim as separate. Although Mosley could have chosen to treat that claim as ancillary to the underlying discrimination claim . . . , she instead filed a separate formal complaint with the EEOC alleging retaliation. . . . As a consequence, Mosley treated her retaliation claim as distinct from the underlying claim. This court feels obliged to do the same. Under the circumstances, we find Mosley was required to exhaust her administrative remedies.

*Id*. at 1519-20.

I find *Mosley* applicable here. Like Mosley, Ms. Hill chose to treat her post-July 2001 retaliation claims as distinct and separate from the claims pled in her initial complaint, when she elected to file a new administrative complaint. The record amply supports my conclusion that Ms. Hill failed to exhaust her administrative remedies as to this second charge, including admissions from Plaintiff to this effect. This failure occurred despite the ample opportunity afforded by Judge Garcia for Plaintiff to exhaust her remedies, when he stayed this matter for more than six months. Because Ms. Hill has failed to exhaust her administrative remedies, granting her leave to amend to plead new

post-July 2001 retaliation allegations would be futile.  Accordingly, leave to amend must be denied.[2]

**Conclusion**

Ms. Hill chose to treat her post-July 2001 retaliation claims as separate and distinct from other claims in her lawsuit when she elected to bring her second EEOC complaint in October 2001.  She did not take advantage of a six month stay in this matter, by exhausting her remedies during this time.  She must exhaust her administrative remedies as to those new claims before she may amend the complaint to add them.  I note that retaliation claims contained in her complaint remain part of this lawsuit, that is, all retaliation claims that allegedly occurred before Plaintiff filed this lawsuit.

**WHEREFORE**, for the reasons stated herein, Plaintiff's Opposed Motion to File First Amended Complaint (Docket No. 25) is **denied.**

**IT IS SO ORDERED.**

_____
**UNITED STATES DISTRICT JUDGE**

---

[2] Given this conclusion on Defendant's futility argument, it is unnecessary for the Court to reach Defendant's other two arguments raised in opposition to allowing amendment of the complaint.